J-S41011-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANGELA WEST-BOGANS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NOEMI CASTRO AND GLORIA | : | No. 1943 MDA 2019 |
| CASTRO | : | |

Appeal from the Order Entered November 21, 2019,
in the Court of Common Pleas of Dauphin County,
Civil Division at No(s): 2018-CV-07698-DJ.

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED OCTOBER 23, 2020**

In this landlord/tenant matter, *pro se* Plaintiff/Appellant, Angela West-Bogans, appeals from the order denying her request that the trial court hold her former Tenants, Noemi and Gloria Castro, in contempt. Due to Ms. West-Bogans' failure to follow the Pennsylvania Rules of Appellate Procedure, we dismiss her appeal.

On August 26, 2018, Ms. West-Bogans and the Castros entered a lease for certain property in Dauphin County. Discord between the parties ensued on the day the Castros moved into the rental, and their dispute prompted Ms. West-Bogans to file this civil action to evict the Castros. Meanwhile, Ms. West-

_____

[*] Retired Senior Judge assigned to the Superior Court.

Bogans was also a party to a divorce case in Cumberland County against her now-ex-husband, Tracy Bogans.

Eventually, the Court of Common Pleas of Dauphin County entered an order "completely and globally" settling this landlord/tenant case. Trial Court Order, 6/27/19, at 1. That order included the following language: "Both sides agree that they will refrain from additional contact/harassment to the other party, including any involvement in any domestic issues." *Id.*

Next, a contempt proceeding arose in the Cumberland County divorce case, and that court held a hearing on that issue on September 25, 2019. Ms. West-Bogans subpoenaed the Castros' attorney in this matter, John Davidson, Esq., to testify at that contempt hearing. *See* N.T., 11/21/19, at 36.

Noemi Castro thereby learned of the Cumberland County hearing and began speaking about it with Mr. Bogans by phone. *See id.* Noemi, Attorney Davidson, and Mr. Bogans met at the Cumberland County courthouse on the day of the contempt hearing, because Mr. Bogans asked Noemi to testify in Cumberland County. *See id.* Noemi intended to testify that she, Mr. Bogans, Attorney Davidson, and the credit union holding the mortgage for the Dauphin County rental property were not engaged in a conspiracy against Ms. West-Bogans. However, the Court of Common Pleas of Cumberland County refused to allow Noemi to testify on Mr. Bogans' behalf. *See id.* at 7-9. That court found Mr. Bogans in contempt.

A week later, Ms. West-Bogans filed an "Emergency Petition of Contempt with Sanctions" in Dauphin County. She therein alleged Noemi's attendance

at the Cumberland County contempt hearing was, itself, an act of contempt against the June 25, 2019 Dauphin County order. After several witnesses testified and the parties made closing arguments, the trial court stated, "the language in [the] June 27, 2019, Order, I don't interpret it as preventing someone from being a witness at a trial or a hearing" in another county. *Id.* at 52. The court thus denied Ms. West-Bogans' contempt petition.

This timely appeal followed.

Ms. West-Bogans raises ten appellate issues; they are as follows:

1.  Did the trial court err in failing to hold [the Castros] in contempt for violating the June 27, 2019 Court Order?

2.  Did the trial court err in failing to act after failing to require [the Castros] to pay [Ms. West-Bogans] rents into escrow after [the Castros] exceeded the Federal Poverty Guidelines for IFP November 28, 2019, and allowed [the Castros] to file false statements to the trial court regarding rental payments made to [an] escrow account?

3.  Did the trial court err by refusing to amend the court order and refusing to reconsider [the] financial sanction Order issued on April 16, 2019 regarding contempt charges against [the Castros], after [the Castros] and [Attorney Davidson] violated the April 3rd, 2019 Order?

4.  Did the trial court err by refusing to enter [Ms. West-Bogans' Praecipe] for Default [Judgment], after [the Castros] and [Attorney Davidson] refused to file an answer to [Ms. West-Bogans'] complaint?

5.  Did the trial court err by refusing [Ms. West-Bogans'] request for "Protective Order" upon discovering [the Castros] and [Attorney Davidson] had inserted themselves into [Ms. West-Bogans'] contentious and volatile domestic divorce proceedings in Cumberland County, Pennsylvania?

6. Did the trial court err by allowing [Attorney Davidson] to remove proceedings from [the] Arbitration Calendar for [a] matter unrelated to the [landlord/tenant] action between [Ms. West-Bogans] and [the Castros]?

7. Did the trial court err by refusing to allow [Ms. West-Bogans] to take action against [Attorney Davidson] for going beyond the scope of defending his clients in the [landlord/tenant] action and perpetuating criminal behaviors?

8. Did the trial court err by refusing to correct the Order dated June 27th, 2019 after [Ms. West-Bogans] discovered [her] ex-spouse conspiring with [the Castros] and Attorney [Davidson]?

9. Did the trial court err by refusing to hold [the Castros] in contempt after [Noemi] presented [herself] as [a] witness on behalf of ex-spouse (Tracy Bogans) in Cumberland County divorce contempt proceedings against ex-spouse (Tracy Bogans) regarding the property located at 1410 Wyeth Street, Dauphin County, Pennsylvania?

10. Did the trial court err by failing to acknowledge [the alleged fact that the Castors] were making [Ms. West-Bogans'] life unbearable?

West-Bogans' Brief at 5-6.

Before reaching the merits of those issues, we must ascertain whether Ms. West-Bogans adhered to the Pennsylvania Rules of Appellate Procedure. Whether an appellant followed appellate procedure is a pure question of law for which "our scope of review is plenary, and the standard of review is *de novo*." **Commonwealth v. Walker**, 185 A.3d 969, 974 (Pa. 2018).

"Briefs . . . shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit,

otherwise they may be suppressed, and, if the defects are in the brief . . . of the appellant and are substantial, the appeal . . . may be quashed or dismissed." Pa.R.A.P. 2101. In her brief, an appellant's "argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part — in distinctive type or in type distinctively displayed — the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent." Pa.R.A.P. 2119(a).

Here, Ms. West-Bogans' argument section of her brief is neither divided into ten sections (one for each of her ten appellate issues) nor does it contain any citations to legal authority to support her ten claims that the trial court committed legal error. *See* West-Bogans' Brief at 13-24. This portion of her brief contains no citation to any case law or statutes, whatsoever. "It is well settled that a failure to argue and to cite any authority supporting any argument constitutes a waiver of issues on appeal." *George v. Ellis*, 911 A.2d 121, 126 (Pa. Super. 2006).

Ms. West-Bogans' argument section presents no legal analysis of any of the issues on appeal. It is simply a rehashing of her version of the facts and the travails she believes she has faced in her various cases in Cumberland and Dauphin Counties. Ms. West-Bogans also recounts her attempt to file criminal charges against various individuals and entities; however, those details have nothing to do with the denial-of-contempt order under review. Thus, from a legal prospective, she makes no viable argument in support of reversing that order. "This Court will not act as counsel and will not develop arguments on

behalf of an appellant." ***Bombar v. W. Am. Ins. Co.***, 932 A.2d 78, 93 (Pa. Super. 2007). We may not make Ms. West-Bogans' argument for her.

Finally, ignorance of the Pennsylvania Rules of Appellate Procedure is not an excuse, even for a *pro se* appellant. ***Wilkins v. Marsico***, 903 A.2d 1281, 1284–85 (Pa. Super. 2006) ("Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant."). Even the most liberal construction of the argument section of Ms. West-Bogans' brief cannot transform from a narrative of events into a legal argument as to why the trial court misapplied the law without this Court playing both advocate and adjudicator. We may not help Ms. West-Bogans form an argument, because she has failed to argue any legal theory on appeal. ***See Bombar***, ***supra***.

Any non-lawyer "choosing to represent [herself] in a legal proceeding must . . . assume the risk that [her] lack of expertise and legal training will prove [her] undoing." ***Kovalev v. Sowell***, 839 A.2d 359, 367 n.7 (Pa. Super. 2003). Simply stated, because Ms. West-Bogans violated Rule 2119(a) and presented no legal argument, she forfeits this appeal.

We may not reach the merits of her claims of error.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/2020